Mrs. Frances ANGELLO, Widow of Jack Sparacio, Plaintiff-Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee,

and

United States of America, Intervenor-Appellee.

No. 28154.

United States Court of Appeals, Fifth Circuit.

June 22, 1970.

Patrick M. Schott, Reuter, Reuter & Schott, New Orleans, La., for petitioner-appellant.

Richard C. Brown for Metropolitan Life Ins.

Louis C. LaCour, U. S. Atty., New Orleans, La., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, Stephen H. Hutzelman, Benjamin M. Parker, Attys., Tax Div., United States Dept. of Justice, Washington, D. C., for intervenor-appellee.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

This is a companion case to Mitchell v. Commissioner of Internal Revenue, 5 Cir. 1970, 430 F.2d 1, decided this day. Essentially the same question is posed in both cases: i. e., under Louisiana community property law is the wife's interest in the community of such a character that her separate property is liable for one-half of the income taxes due on the community income? The District Court found that "each spouse is liable for one-half of the federal income taxes related to Community income," and entered judgment for the Government. We reverse.

Appellant, Mrs. Frances Sparacio Angello, was the wife of Jack Sparacio from 1959 through 1961 and resided in Louisiana under the community of acquets and gains. No income tax returns were filed for those years. On February 19, 1965, the District Director of Internal Revenue made an assessment against Mrs. Angello and her husband for federal income tax liabilities for those years in the amount of $12,239.27. Based upon these assessments the United States, on April 13, 1965, filed a Notice of Federal Tax Lien with the Recorder of Mortgages, Parish of New Orleans. On April 30, 1965, a notice of levy demanding all property in its possession belonging to the Sparacios was addressed to the Metropolitan Life Insurance Company, which had issued a policy to Jack Sparacio with a face value of $2,000, Mrs. Angello being the revocable beneficiary.

Jack Sparacio died on March 11, 1966. Mrs. Angello completed the necessary forms and filed a claim for the proceeds of the policy with the insurer. Metropolitan refused to pay the proceeds to Mrs. Angello because of the lien and levy served upon it by the United States.

Mrs. Angello then brought this action in the state court against Metropolitan seeking the proceeds. The United States intervened, and upon its motion the case was removed to the Federal District Court. After removal Metropolitan paid the proceeds into the court registry and was dismissed from the case.

On August 5, 1968, the Director of Internal Revenue made an abatement of its previous assessment and is now claiming the amount of $3,902.94 on a theory of imputation to Mrs. Sparacio of one-half of the community income from her husband's business for the years in question.

Both Mrs. Angello and the government moved for summary judgment. The Court granted the government's motion and held Mrs. Angello indebted to the United States for $4,570.18 representing the income taxes due on her one-half of the community income for 1959 through 1961 computed on a separate return basis and interest accrued thereon through August 5, 1968. The federal tax lien was foreclosed against the interpleaded funds. This appeal followed.

The government contends that for federal income tax purposes a husband and wife domiciled in Louisiana, a community property state, are to be treated as separate taxpayers as to their respective portions of the community income, and the tax liability for one-half of the community income is the wife's personal obligation and thus can be satisfied out of her separate property.

In Mitchell v. Commissioner of Internal Revenue, 5 Cir. 1970, 430 F.2d 1, we held that under Louisiana law the wife's interest in the community is of

such a character that she is not personally liable out of her separate property for income taxes due on community income because the liability for such taxes is a community obligation and does not become her separate obligation unless she expressly accepts such liability or accepts the benefits of the community upon its dissolution.[1] Thus *Mitchell* is dispositive of this issue.[2]

The only distinction between this case and *Mitchell* is that here the premiums for the policy were paid with community funds. But this is a distinction without a difference because the insurance proceeds are not community property but are the separate property of the wife under Louisiana law even though the insurance premiums were paid with community funds. Newman v. Commissioner of Internal Revenue, 5 Cir. 1935, 76 F.2d 449. Succession of Clark, 27 La.Ann. 269 (1875).

Since the obligation for income taxes was a community obligation, the separate property of the wife could not, in the circumstances of this case, be reached for its satisfaction. The judgment of the District Court is reversed.

SIMPSON, Circuit Judge (dissenting):

I respectfully dissent.

I agree with the majority that the issue raised on this appeal is governed by Mitchell v. Commissioner of Internal Revenue, 5 Cir. 1970, 430 F.2d 1. See my dissent in that case which is based on the holding of the Tax Court reported at 51 T.C. 641.

The issue involved in the present case was in my judgment correctly decided by the court below on the basis that under Louisiana law each spouse is liable for one-half of the federal income taxes related to community income. See the following cases: Bender v. Pfaff, 1930, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252;

Commissioner of Internal Revenue v. Hyman, 5 Cir. 1943, 135 F.2d 49; Smith v. Donnelly, E.D.La.1946, 65 F.Supp. 415; Saenger v. Commissioner of Internal Revenue, 5 Cir. 1934, 69 F.2d 633.

I would affirm the judgment of the district court.

---

1. The government does not contend, nor is there any mention in the record, that Mrs. Angello accepted the benefits of the community.

2. We do not reiterate the authorities undergirding our decision in *Mitchell*.