**Carmen RAMOS, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 28939.

United States Court of Appeals, Fifth Circuit.

July 13, 1970.

Joseph L. Nanus, Hidalgo County Legal Aid Society, Edinburg, Tex., for petitioner-appellant.

Johnnie M. Walters, Asst. Atty. Gen., John A. Townsen, Lee A. Jackson, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., K. Martin Worthy, Chief Counsel, Christopher J. Ray, Atty., Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before GODBOLD, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM.

We review here a decision of the Tax Court of the United States affirming a deficiency assessed by the Commissioner in the amount of $123.00 against Mrs. Carmen Ramos for 1964. The Commissioner's deficiency assessment arose from his determination based upon Texas community property laws that the appellant is liable for 1964 income tax on one-half of the money earned by her

husband during that year plus one-half of her meager salary as a domestic servant during 1964. We reverse upon the authority of two recent decisions of this Court involving the Louisiana community property laws in similar situations.[1]

Following her marriage to Matias Ramos Hernandez (hereinafter Matias) in 1957 Carmen lived with him as husband and wife in Texas until August 1963 when he deserted her and left for parts unknown. Her attempts to divorce him in 1964 were unsuccessful because he could not be located for service of process. The marriage was eventually legally terminated in January 1966. In 1964 Matias earned $2,525.75 and Carmen earned $580.00. He contributed nothing toward her support, she received no part of his salary and of course had no control over the disposition of it.

The Commissioner determined that Carmen had taxable income in 1964 of $1,552.87 consisting of one-half of her wages plus one-half of Matias' wages. The Commissioner's theory, accepted by the Tax Court, is that in a community property state such as Texas a wife has a present vested interest in one-half the earnings of her husband and is therefore liable for income tax upon that one-half interest. The theory is that the community continues until the marriage is formally dissolved even though the parties are separated and neither actually shares in the other's income. See Christine K. Hill, 32 T.C. 254 (1959).[2] The Tax Court commented that "although the laws of community property states often work to the advantage of taxpayers domiciled therein, this is one example of the very severe hardships those laws can occasionally engender".

The Tax Court also found to be without merit Carmen's further contention that she was entitled to a bad debt deduction under Section 166(a) (1) equal to her community share of Matias' wages and entered its decision and order for deficiency in the amount of $123.00.

This Court recently rejected this theory in reversing the Tax Court with reference to analogous provisions of Louisiana community property law. *Angello* and *Mitchell*, supra. Judge Dyer concluded for the *Mitchell* and *Angello* panel that the community was solely liable for community debts and that a surviving widow was not obligated to pay such debts from her separate property. Texas law is identical to Louisiana law in all respects material to our consideration. Anderson v. Bundick, Tex.Civ. App.1952, 245 S.W.2d 318; Sargeant v. Sargeant, 1929, 118 Tex. 343, 15 S.W.2d 589; Security Nat. Bank of Wichita Falls v. Allen, Tex.Civ.App.1924, 261 S. W. 1057; Leatherwood v. Arnold, 1866, 66 Tex. 414, 1 S.W. 173.

The decision and order of the Tax Court is reversed and remanded with directions to enter judgment for the appellant taxpayer Carmen Ramos.

Reversed and remanded.

SIMPSON, Circuit Judge (specially concurring).

I concur because I agree that *Angello* and *Mitchell* are controlling. I adhere to the views which I expressed in dissent to the decisions in those two cases that they should have been decided against the taxpayers.

"Under Texas law, the wife is the declared owner of one-half of the community income, the control of which is given to the husband. Thus, any argument based on constructive receipt, or lack thereof, by the wife has no merit. Regardless of actual or constructive receipt of community income by the wife she is the owner of half of such income and is taxable on it."

1. Angello v. Metropolitan Life Insurance Co. and United States, 5 Cir. 1970, 430 F.2d 7; Mitchell, et al. v. Commissioner of Internal Revenue, 5 Cir. 1970, 430 F.2d 1.

2. The Tax Court quoted Christine K. Hill, supra, at 257 as to the "inexorable provisions of Texas community property law":