Frank L. **BRODAY**, Plaintiff-Appellee,

v.

**UNITED STATES of America,**
Defendant-Appellant.

No. 71–2135

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 1, 1972.

---

\* Rule 18, 5th Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5th Cir. 1970, 431 F.2d
409, Part I.

Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Tax Div., Dept. of Justice, Washington, D. C., Eldon B. Mahon, U. S. Atty., Ft. Worth, Tex., Loring W. Post, Richard Farber, Attys., Tax Div., Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., for defendant-appellant.

Harold D. Rogers, Wichita Falls, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Frank Broday married his present wife, Billie Shipman Broday, on June 7, 1966. As of that date, Billie Shipman was liable for income taxes assessed against her and her former husband, Joe Shipman (now deceased), for the taxable year 1962. In an effort to collect this tax, the District Director of Internal Revenue levied upon a checking account which held funds received as dividend income from Mr. Broday's separate property. Mr. Broday paid his wife's income tax liability and then filed a claim for refund on the ground that there was a wrongful levy upon the bank account. Holding that under Texas community property law the wife possessed a property right in the dividend income from the separate property of her husband, which property right is subject to a federal tax lien for prenuptial income taxes of the wife, we must reverse the decision of the lower court which awarded a refund to Mr. Broday.

I.

Initially, we hold that the district court was correct in denying the government's motion to dismiss the taxpayer's complaint for lack of jurisdiction.

Section 7426(a) (1) of the Internal Revenue Code provides as follows:

"If a levy has been made on property, . . . any person (other than

the person against whom is assessed the tax out of which such levy arose) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."

The government argues that the only actions that could have been brought under this section by Mr. Broday were a suit for an injunction against the wrongful levy or a suit for recovery of the property if the bank had paid the levy from the account. We believe this construes Congressional intent too narrowly. This section makes no restriction on the kind of civil action that can be brought against the United States because of the wrongful levy. There appears to be no logical reason why Congress would have intended the technicality asserted by the government in this case. The legislative history [1] does not support the government's position and no cases have been cited to us which support its argument on the motion to dismiss.

The argument misconceives the practical problems of the owner of a bank account against which a wrongful levy may have been made. It seems clear that the person claiming the interest in a bank account can pay the levy and thus free the account from government restriction, and then sue to recover because the levy was wrongful. We have been given no indication as to how the government can be harmed by such a procedure.

## II.

■ The basic issue involved in this appeal is whether, under Texas property law, the community property bank account of which the husband had sole right to management and control is subject to levy for a federal tax debt of the wife incurred prior to marriage. The government is entitled to a lien for the tax plus interest upon all of the wife's "property and rights to property." [2] The question of whether and to what extent the wife has property and rights to property is determined under the applicable state law. Aquilino v. United States, 363 U.S. 509, 512–513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 82, 60 S.Ct. 424, 84 L. Ed. 585 (1940). However, once it has been determined under state law that the taxpayer owns property or rights to property, federal law is controlling for the purpose of determining whether a lien will attach to such property or rights to property. United States v. Bess, 357 U.S. 51, 56–57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958).

■ There is no question that the bank account upon which the government levied constituted community property of Mr. and Mrs. Broday under Texas law. This point is made clear by the decision of this Court in Commissioner of Internal Revenue v. Chase Manhattan Bank, 259 F.2d 231, 239 (5th Cir. 1958), cert. den., 359 U.S. 913, 79 S.Ct. 589, 3 L.Ed.2d 575 (1959), in which we said:

"All property accumulated during marriage is community property, unless it is received by gift, devise, or inheritance. In Texas even income derived from separate property belongs to the community, including interest and dividends from separately owned securities."

1. H.Rep.No. 1884, 89th Cong., 2d Sess., pp. 76–77 (1966–2 Cum.Bull. 815, 834–835).

2. Section 6321 of the Internal Revenue Code of 1954.
"Lien for taxes
"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

**1100**

■ See Warren v. Schawe, 163 S.W. 2d 415 (Tex.Civ.App.1942). As community property, Mrs. Broday had a present vested interest therein equal and equivalent to that of her husband. Hopkins v. Bacon, 282 U.S. 122, 126–127, 51 S.Ct. 62, 75 L.Ed.249 (1930); see Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239 (1930); Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252 (1930).

■ The taxpayer contends that Article 4620 of Vernon's Texas Civil Statutes Annotated, as amended by Acts of 1967, 60th Legislature, p. 738, ch. 309, Section 1,[3] which by its terms would operate to exempt the particular community property here in issue from the antenuptial debts of Mrs. Broday, is effective to prevent attachment of a federal tax lien on her vested present interest in such property. Taxpayer concedes that mere state exemption statutes are ineffective against a statutory lien of the federal government for federal taxes. United States v. Hoper, 242 F.2d 468 (7th Cir. 1957). However, he argues that Article 4620 gives a property right in the husband which transcends the federal tax law.

When the district court granted the taxpayer summary judgment in this case, it did not have the advantage of the United States v. Mitchell, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971), in which the Supreme Court by unanimous decision reversed the decisions of this Court in Mitchell v. Commissioner of Internal Revenue, 430 F.2d 1 (5th Cir. 1970) and Angello v. Metropolitan Life Ins. Co., 430 F.2d 7 (5th Cir. 1970). This Supreme Court decision controls the instant case. Indeed, it is pointed out in the government's brief that the taxpayer's brief in support of his motion for summary judgment before the trial court relied upon this Court's decisions in *Mitchell, Angello* and Ramos v. Commissioner of Internal Revenue, 429 F.2d 487 (5th Cir. 1970) as presenting the identical issue as the case at bar, and argued that those decisions were controlling. The decision in *Ramos* was based upon the *Mitchell* and *Angello* cases, and therefore was effectively overruled by the Supreme Court in *Mitchell.* Although those cases involved Louisiana community property law, while this case involves Texas law, it was properly conceded below by the taxpayer that the law of Texas is identical to the law of Louisiana as to whether the community fund is liable for the wife's separate debts incurred before marriage.

In *Mitchell*, the Supreme Court held that under the laws of Louisiana a married woman has a present vested interest in community property equal to that of her husband and therefore is personally liable for federal income taxes on her one-half share of the community income, notwithstanding her subsequent election under state law to renounce all of her rights in the community. The Court rejected the contention that the taxpayers involved should not be personally liable for community debts because under Louisiana law their husbands had complete control over the community property.

■ Since a married woman in Louisiana or Texas has a vested interest in,

3. "The community property subject to sole or joint management, control and disposition of a spouse shall be subject to the liabilities of that spouse incurred before or during marriage. The community property subject to the sole management, control and disposition of a spouse shall not be subject to any liabilities of the other spouse incurred before marriage or non-tortious liabilities incurred by the other spouse during marriage unless both spouses are liable by other rules of law. All the spouses' community property is subject to liability for all torts committed by either spouse during marriage." Effective Jan. 1, 1970, Article 4620 was repealed by Acts of 1969, p. 2707, ch. 888, § 6. However, similar language now appears in the new Texas Family Code, ch. 5.

and is the owner of, a half share of the community income sufficient to require her to pay income taxes thereon, it follows *a fortiori* that she has "property" or "rights to property" to which a federal tax lien would attach under Section 6321 of the Code.

We think that the taxpayer must fail in his argument that Article 4620 of Vernon's Texas Civil Statutes should be characterized in a different manner than an exemption statute. The Ninth Circuit cases of United States v. Overman, 424 F.2d 1142 (9th Cir. 1970) (relating to the law of the State of Washington) and In re Ackerman, 424 F.2d 1148 (9th Cir. 1970) (relating to the law of Arizona), which held against the taxpayer in cases similar to this one, were specifically approved in the opinion of the Supreme Court in *Mitchell*. In *Overman* the taxpayer advanced the argument that the state statute in issue was not merely an exemption statute but instead was one which defined property rights and therefore was controlling. In rejecting this argument, the Court noted "all that section 6321 requires is that the interest be 'property' or 'rights to property.' It is of no statutory moment how extensive may be those rights under state law, or what restrictions exist on the enjoyment of those rights." 424 F.2d at 1145. It appears clear from the decision in *Mitchell* that the right of the United States to enforce its liens does not depend upon state laws which regulate the rights of creditors generally and does not depend upon whether the "exemption" label is attached to the particular statute in question.

The only cases cited by the taxpayer in his brief in support of his position are Bice v. Campbell, 231 F.Supp. 948 (N.D.Tex.1964) and Mulcahy v. United States, 251 F.Supp. 783 (S.D.Tex.1966). It is apparent that these decisions are now incorrect because they are fundamentally incompatible with the decisions in *Mitchell, Overman* and *Ackerman, supra*.

Reversed.