MARY LOU GALLIHER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6276-73. Filed September 3, 1974.

*Arthur F. Stelley*, for the petitioner.
*Charles N. Woodward*, for the respondent.

OPINION

WILBUR, *Judge:* Respondent determined a deficiency of $9,446.92 in petitioner's Federal income tax for the calendar year 1969. The issue presented is whether section 6013(e)[1] absolves petitioner, a resident of a community property State, from tax liability where petitioner filed a separate tax return for the year in question.

All the facts have been stipulated and are found accordingly. Petitioner resided in Beaumont, Tex., at the time of the filing of the petition in this case. Petitioner filed a timely separate income tax return for the year 1969 with the district director of internal revenue at Austin, Tex. The return was prepared by a public accountant, so far as petitioner knows, at the request of her husband.

During the taxable year 1969 petitioner was married to Howard V. Galliher, who earned community income in that year of $83,607.30. Petitioner does not contest the amount, but she has no specific knowl-

---

[1] All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.

edge concerning her husband's income in 1969. Petitioner also does not contest that partnership expenses in the amount of $1,798 and a swimming pool expense of $1,400 claimed on her 1969 income tax return do not constitute ordinary and necessary business expenses, although again she has no specific knowledge concerning these expenses.

Petitioner did not significantly benefit from the income earned by her husband in 1969 and was under the care of physicians and physically unable to work or participate in his activities in that year. Petitioner's husband filed for divorce against petitioner in 1969 in the Court of Domestic Relations of Jefferson County, Tex. On July 30, 1970, petitioner, a cross-plaintiff in that proceeding, was granted a divorce from her husband.

Section 6013(e)(1)[2] absolves a spouse from liability for tax, interest, and penalties on income omitted from a joint return under specified circumstances. In order to qualify for relief under section 6013(e)(1), petitioner must meet three separate and distinct criteria: she must establish that she filed a joint return from which income attributable to her husband and in excess of 25 percent of the gross income stated in the return was omitted; that she neither knew nor had reason to know of the omission; and that under all the facts and circumstances (including whether she benefited significantly from the omitted income), it would be inequitable to hold her liable for the tax on the omitted income.

Petitioner contends that because she met every requirement of section 6013(e) except for the filing of a joint return, she should be relieved from liability in view of the remedial nature of the statute and the

---

[2] SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE.

(e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—

(1) IN GENERAL.—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

(2) SPECIAL RULES.—For purposes of paragraph (1)—

(A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws, and

(B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A).

similarity of the inequity it addresses to her case. Respondent argues, and we are compelled to agree, that the fact that the petitioner filed a separate return renders section 6013(e) inapplicable to her case.[3] The crucial difference between petitioner's case and the remedial scope of section 6013(e) lies in her failure to meet the requirement of section 6013(e)(1)(A) that a joint return must be made. Section 6013(e) provides relief only in those situations where a joint return is filed and the liability is joint and several under section 6013(d)(3).[4] Respondent is not attempting to hold petitioner liable for the deficiency on her husband's return but is only asserting a deficiency with respect to income attributable to her under Texas community property law and omitted from her separate return.

Petitioner points to what she feels is the unfair and anomalous result that occurs under section 6013(e) if separate returns are filed in a community property State. It is true that in noncommunity property States the situation in the case at bar would not arise. In those States only the income attributable to the earnings and property of the individual spouse filing the return is reported on the separate return, while in a community property State, the income of each spouse is community income and one-half is therefore attributable to the other spouse and must be reported on the other spouse's separate return. *United States* v. *Malcolm*, 282 U.S. 792 (1931). Since section 6013(e) admittedly provides relief to an innocent spouse when income is omitted from a joint return, petitioner argues that Congress must have intended the relief to encompass the analogous inequity arising when separate returns are filed in a community property State.

But Congress was cognizant of the effect of community property laws and the statute itself reflects consideration of their effect. Section 6013(e)(2)(A) provides that income (other than gross income from property) shall be attributed to a spouse "without regard to community property laws." This provision enables a spouse who filed a joint return including income attributable to both spouses by operation of

---

[3] Although petitioner wanted to file a joint return and indicated this desire on her separate return, this fact is alone insufficient to establish that her return constituted in fact a joint return. When a return, which is not designated as a joint return by inclusion of the names and signatures of both spouses, may nevertheless be treated as a joint return depends on whether the parties intended to file a joint return. See *Federbush* v. *Commissioner,* 325 F. 2d 1 (C.A. 2, 1963), affirming 34 T.C. 740 (1960). Since petitioner's husband expressly refused to file a joint return, and both she and her husband filed separate returns, the argument that she filed a de facto joint return must fail.

[4] The tax committees focused on joint liability in enacting sec. 6013(e). The Senate Finance Committee, after reviewing the statutory imposition of joint and several liability, stated :

"Numerous cases have arisen in which the *imposition of joint liability* upon an innocent spouse has resulted in the committee's opinion, in grave injustice. [Emphasis added. S. Rept. No. 1537, 91st Cong., 2d Sess. (1970), 1971–1 C.B. 607.]"

The Ways and Means Committee report contains the same statement. See H. Rept. No. 1734, 91st Cong., 2d Sess., p. 2 (1970).

community property law to nevertheless meet the requirement of section 6013(e)(1)(A) that the omitted income be attributable to one spouse. The legislative history demonstrates that Congress did not intend the provision to affect any of the other requirements of section 6013(e), specifically the requirement of filing a joint return. The report of the Senate Finance Committee states:

Income earned by a husband, for example, and *omitted from a joint return*, is to be attributed to the husband, even though it may constitute community property, in determining whether the wife is entitled to relief from the tax liability under this provision. [Emphasis added. S. Rept. No. 1537, 91st Cong., 2d Sess. (1970), 1971–1 C.B. 608.]

The statute simply does not provide relief where a separate return was filed. In interpreting ambiguous provisions of a remedial statute, the canons of construction suggest a broad interpretation consistent with eliminating the inequity the legislature intended to remedy. But Congress clearly intended to limit the relief provided to situations where a joint return was filed and the statute clearly states this requirement. Petitioner ostensibly argues for a liberal construction; in reality she is asking that the statute be amended. She must make this argument to another forum.[5]

Petitioner also argues that interpreting section 6013(e)(2)(A) to provide relief only to an innocent spouse where a joint return is filed denies equal protection of the law to innocent spouses whose problem arises due to the operation of community property laws. But as noted, Congress addressed the relief provisions to situations where joint and several liability is imposed by the statute on individuals filing a joint return, regardless of where they reside. Petitioner did not file a joint return and thereby subject herself to joint and several liability. Her problem results from the operation of community property law, and the Supreme Court long ago upheld the constitutionality of distinctions arising from community property laws. *Poe* v. *Seaborn*, 282 U.S. 101, 117, 118 (1930).

Petitioner cites *Mitchell* v. *Commissioner*, 430 F. 2d 1 (C.A. 5, 1970), *Angello* v. *Metropolitan Life Insurance Co.*, 430 F. 2d 7 (C.A. 5, 1970), and *Ramos* v. *Commissioner*, 429 F. 2d 487 (C.A. 5, 1970), in support of her alternative argument that if she is not entitled to relief under section 6013, her rights under Texas law are of such a character that she is not personally liable out of her separate property for

---

[5] As the Supreme Court said in an analogous case:

"The remedy is in legislation. An example is Pub. L. 91–679 of January 12, 1971, 84 Stat. 2063, adding to the Code subsection (e) of § 6013 and the final sentence of § 6653(b). These amendments afford relief to an innocent spouse, who was a party to a joint return, with respect to omitted income and fraudulent underpayment. Relief of that kind is the answer to the respondents' situation. [*United States* v. *Mitchell*, 403 U.S. 190, 206 (1971).]"

income taxes due on community income where she received no benefit from the community income. The *Ramos* case involved a woman domiciled in Texas who was separated from her husband and who neither knew of nor received benefits from community income earned by her husband during the years in question. The Fifth Circuit reversed this Court's Memorandum Opinion in *Ramos* holding that the wife had a present vested interest in one-half the earnings of her husband under Texas community property law on which she was taxable.

The Fifth Circuit's holding in *Ramos* was based on their decisions in *Mitchell* and *Angello*. However, the Supreme Court's subsequent reversal, 403 U.S. 190 (1971), of the Fifth Circuit's decisions in *Mitchell* and *Angello* effectively overruled their decision in *Ramos*, and is therefore dispositive of petitioner's alternative argument. (See *Broday* v. *United States*, 455 F. 2d 1097 (C.A. 5, 1972).)

Petitioner's situation is unfortunate. But as the Supreme Court said in a similar case:

The law, however, is clear. The taxes were due. They were not paid * * * The "fault," if fault there be, lies with the four taxpayers and flows from the settled principles of the community property system. If the wives were to prevail here, they would have the best of both worlds.[6]

*Decision will be entered for the respondent.*

---

[6] *United States* v. *Mitchell*, 403 U.S. 190, 205–206 (1971).