ANN B. RESNICK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 575-72.    Filed February 3, 1975.

*Gordon D. Simonds,* for the petitioner.
*Donald W. Williamson, Jr.,* for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $2,851,879.75 in petitioner's Federal income tax for 1968 and an addition to tax under section 6653(b)[1] in the amount of $1,425,939.88.[2]

The only issue for decision is whether section 6013(e) is applicable to relieve petitioner from liability for tax where the liability results from a decrease in cost of goods sold rather than from the inclusion in gross income of an amount erroneously omitted from gross income.

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the year at issue, unless otherwise noted.

[2] The parties agree, for the purposes of this case only, that the correct deficiency for 1968 is $318,472.34 and the correct addition to tax is $159,236.17. Petitioner concedes that, for the purposes of this case only, part of the underpayment of tax required to be shown on the 1968 return was due to fraud, but respondent agrees that no part of such underpayment was due to the fraud of petitioner.

All of the facts are stipulated. We adopt the stipulation of facts as our findings. The relevant facts are summarized below.

Petitioner Ann B. Resnick resided at 4700 Lenmore Street, Orlando, Fla., at the time she filed her petition herein. On August 10, 1968, petitioner was married to Errol B. Resnick. They filed a joint Federal income tax return for 1968 with the director of internal revenue for the district of Florida.

Petitioner's joint return has attached thereto, as Schedule C, a business schedule disclosing sales, cost of goods sold, and the gross profit on sales during 1968 as follows:

| | | |
|---|---|---|
| Gross sales | | $6,187,129.06 |
| Beginning inventory | $63,368.50 | |
| Purchases | 5,981,607.65 | |
| Total | 6,044,976.15 | |
| Closing inventory | 94,802.00 | |
| Cost of goods sold | | 5,950,174.15 |
| Gross profit on sales | | 236,954.91 |

The reported gross profit was entirely from Errol B. Resnick's business as a dealer in coins, largely in gold coins.

Errol B. Resnick, during 1968, purchased or otherwise acquired gold, silver, and other coins, and during the same year sold or otherwise disposed of coins, largely gold coins, receiving $6,187,129.06 from the sale and disposition of such coins.

In his statutory notice of deficiency dated October 22, 1971, respondent determined that:

Cash purchases deducted by you for the year ended December 31, 1968, in the amount of $5,405,258.50, are allowed in the amount of $1,621,577.55 since it has not been established that you are entitled to a greater deduction. Accordingly, your taxable income is increased in the amount of $3,783,680.95.

Respondent also determined that all or part of the underpayment of tax required to be shown on the 1968 joint return was due to fraud and, accordingly, asserted the 50-percent addition to tax for such year as provided by section 6653(b) of the Code.

Petitioner contends that she is an "innocent spouse" within the purview of section 6013(e) and should therefore be relieved of liability for the 1968 tax. Respondent agrees that petitioner fulfills all requirements for the application of section 6013(e) except the requirement that there be an "omission from gross income." In other words, respondent contends that section 6013(e) does not apply to relieve petitioner from liability where

her liability for tax arises by reason of a decrease in cost of goods sold, which was overstated on the tax return, rather than from an omission from gross income.

We agree with the respondent. The purpose of section 6013(e) was to eliminate the hardship imposed on an "innocent spouse" not responsible for the omission of income from a return and from whom the resulting tax and penalty might nevertheless be collected as a consequence of having filed a joint return. However, as this Court recognized in *Jerome J. Sonnenborn*, 57 T.C. 373, 381 (1971), Congress regards joint and several liability as an important adjunct to the privilege of filing joint returns and, if there is to be any relaxation of that rule, the taxpayer must comply with the carefully specified conditions of section 6013(e). See and compare *Mary Lou Galliher*, 62 T.C. 760 (1974). We think the petitioner, under the circumstances of this case, fails to meet all of the conditions of the statute.

It is manifest from the plain language of section 6013(e), as well as from its legislative history (S. Rept. No. 91-1537, 91st Cong., 2d Sess., 1971-1 C.B. 606-608), that the section is applicable only where a tax liability arises by reason of an omission from gross income of an amount properly includable therein. It clearly states that a spouse signing a joint return shall not be jointly and severally liable for any omission from gross income if the amount is in excess of 25 percent of the gross income stated in the return, provided that the spouse did not know of, or have reason to know of, the omission and provided further that the spouse did not directly or indirectly benefit from the funds represented by the omitted amount. In this regard, section 1.6013-5(d), Income Tax Regs., provides that section 6013(e) shall apply only where there is an omission of income from a joint return, but "shall not apply to a tax deficiency resulting from erroneous or fraudulent deductions, claims, or other evasions or avoidances of tax."

The deficiency herein resulted solely from an overstatement of cost of goods sold. An overstatement of cost of goods sold is not an omission from gross income for the application of section 6013(e). Section 6013(e)(2)(B) provides that the amount omitted from gross income shall be determined in the manner provided in section 6501(e)(1)(A). Section 6501(e)(1)(A)(i) provides:

In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; * * *

Thus, the overstatement of cost of goods sold is an overstatement of a reduction from gross income, as gross income is defined in section 6501(e)(1)(A)(i), and not an omission from gross income. Accordingly, even if the petitioner had no knowledge of the overstatements and did not significantly benefit from them, section 6013 is simply not applicable under these facts to relieve the petitioner from liability. *Norman Rodman*, 32 T.C.M. 1307, 1320 (1973). Since the error in reporting "taxable income" for 1968 resulted from an erroneously overstated deduction for cost of goods sold, and not from any error in reported gross income received, we hold that the petitioner has failed to prove that the deficiency in issue resulted from a qualifying "omission" of 25 percent of gross income shown on her joint tax return for that year.

*Decision will be entered under Rule 155.*

