GERSON BACHER and MILDRED BACHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bacher v. Commissioner
Docket No. 7958-73.
United States Tax Court
T.C. Memo 1977-82; 1977 Tax Ct. Memo LEXIS 362; 36 T.C.M. (CCH) 363; T.C.M. (RIA) 770082; March 24, 1977, Filed *362 H and W filed joint income tax returns for the taxable years 1961 through 1964 which substantially understated their gross income for such years. H has conceded the deficiencies determined by the Commissioner, and W does not challenge their correctness but seeks relief from liability therefor under the innocent spouse provisions of sec. 6013(e), I.R.C. 1954. Held: (1) For 1961, W has failed to prove that there was a 25-percent omission of income attributable to H as required by sec. 6013(e)(1)(A), I.R.C. 1954; (2) for 1962, she has failed to prove that she lacked knowledge of the omitted income as required by sec. 6013(e)(1)(B); and (3) for 1963 and 1964, she has failed to prove that she did not benefit significantly from the omitted income and that it would be inequitable to hold her liable for the deficiencies as required by sec. 6013(e)(1)(C). Sidney A. Soltz, for the petitioners. William H. Newton III, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Sec. 6653(b) [1] Year
Deficiency
Addition to Tax
1961
$ 26,549.82
$13,274.91
1962
36,709.77
20,754.39
1963
30,119.73
15,059.87
1964
101,273.55
50,636.78
The petitioner Gerson Bacher has conceded all determinations and adjustments made by the Commissioner in his notice of deficiency, and the Commissioner has conceded that the petitioner Mildred Bacher is not liable for the section 6653(b) penalties. The petitioners Gerson *365 Bacher and Mildred Bacher further concede for each of the years at issue that the assessment and collection of deficiencies in, and additions to, tax are not barred by the statute of limitations. The sole issue remaining for decision is whether, pursuant to the provisions of section 6013(e), Mildred Bacher is entitled to relief from liability for deficiencies in income taxes resulting from understatements of gross income on the joint returns she filed with her husband for the taxable years 1961 through 1964. All of the facts have been stipulated, and those facts are so found. The petitioners, Gerson Bacher and Mildred Bacher, husband and wife, resided in North Miami Beach, Fla., at the time of filing their petition in this case. Mr. and Mrs. Bacher filed joint Federal income tax returns for the taxable years 1961, 1963, and 1964 with the District Director of Internal Revenue, Jacksonville, Fla. For the taxable year 1962, they filed a joint return with the Appellate Division, Southeast Region, Miami, Fla. Mrs. Bacher will sometimes be referred to as the petitioner. On November 6, 1970, the Internal Revenue Service mailed a 30-day letter, with the report of the examining revenue *366 agent attached, to Mr. and Mrs. Bacher; the letter and report proposed adjustments in their income tax liability for the taxable years 1961 through 1964. For the taxable year 1962, for which no return had been filed, the revenue agent's report proposed inclusion of the following items in gross income: Salary
The Round Table, Inc.
$ 30,800.00
Dividends (after exclusion)
The Round Table, Inc.
8,545.13
Interest income
124.42
Income from B & M Holding Co.
(B & M) [2] - gross long-term
capital gain
121,263.19
On January 18, 1971, Mr. and Mrs. Bacher filed a protest with the IRS, in which they objected to the findings set forth in the revenue agent's report. More than 2 years later, on June 4, 1973, Mr. and Mrs. Bacher filed their joint income tax return for the taxable year 1962. Such return reflected gross income of $30,800.00, derived entirely from Mr. Bacher's employment. On Mr. and Mrs. Bacher's income tax return for the taxable year 1961, the following amounts were omitted from gross income, although properly *367 includable therein: Income from B & M
Dividends (before exclusion)
$31,884.18
Gross long-term capital gain
2,230.10
Ordinary income
6,519.28
For the taxable year 1962, the following items were omitted from gross income as stated in the return, although properly includable therein: Income from The Round Table, Inc.
Dividends (before exclusion)
$ 8,645.13
Income from B & M
Gross long-term capital gain
121,263.19
Interest income
124.42
The parties stipulated that Mrs. Bacher benefitted from $48,952.59 of the gross long-term capital gain received from B & M and from $62,21 of the interest income, and also had knowledge of the omission of such amounts. On Mr. and Mrs. Bacher's income tax return for the taxable year 1963, the following items were omitted from gross income, although properly includable therein: Income from B & M
Gross long-term capital gain
$ 30,102.90
Income from The Round Table, Inc.
Dividends (before exclusion)
2,071.44
Salary
800.00
Interest
3,186.05
Income from the Round Table
Restaurants, Inc.
Dividends (before exclusion)
1,154.57
Salary
24,966.87
Other income (per statutory notice)
10,000.00
*368 With respect to such omissions, the parties stipulated that Mrs. Bacher had knowledge of the omission of the $3,186.05 of interest income from The Round Table, Inc., and benefitted from $6,249.96 of the gross long-term capital gain from B & M. For the taxable year 1964, the following items were omitted from gross income as stated in the return, although properly includable therein: Income from B & M
Gross long-term capital gain
$ 9,629.11
Income from the Round Table
Restaurants, Inc.
Dividends (before exclusion)
166,246.73
Salary
5,033.13
For 1964, the parties stipulated that Mrs. Bacher had knowledge of, and benefitted from, $4,814.56 of the gross long-term capital gain from B & M and $37,402.90 of the dividend income from the Round Table Restaurants, Inc. All of the stock of B & M, during all of the taxable years at issue, was held by Mr. and Mrs. Bacher as tenants by the entirety pursuant to the law of the State of Florida.The stock of The Round Table, Inc., and the Round Table Restaurants, Inc., during all of the taxable years at issue, was held in the names of "Gerson Bacher and Mildred Bacher, his wife." Throughout the taxable years 1961 through *369 1964, Mrs. Bacher was both an officer and a director of B & M, The Round Table, Inc., and the Round Table Restaurants, Inc. Section 6013(e)(1) relieves a spouse of liability for tax on income omitted from a joint return, provided certain conditions are met. Such section provides: (e) Spouse Relieved of Liability in Certain Cases-- (1) In general. -- Under regulations prescribed by the Secretary or his delegate, if-- (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefitted directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the *370 other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income. The petitioner has the burden of proving that she satisfies all three criteria for each of the years at issue. Rule 142, Tax Court Rules of Practice and Procedure; Galliher v. Commissioner,62 T.C. 760, 761 (1974), affd. in an unpublished opinion (5th Cir., April 24, 1975); Sonnenborn v. Commissioner,57 T.C. 373, 380-381 (1971). The Commissioner's main argument is that the petitioner has failed to satisfy the threshold requirement of section 6013(e)(1)(A) that the income omitted from the joint return be "attributable" to her husband. The Commissioner asserts that all of the stock of B & M, The Round Table, Inc., and the Round Table Restaurants, Inc., was held by the petitioner and her husband as tenants by the entirety, and that therefore all income from such sources, whether in the form of dividends, gross long-term capital gain, or ordinary income, is attributable to both the petitioner and her husband. The Commissioner argues that *371 such income did not constitute income "attributable to one spouse" within the meaning of section 6013(e)(1)(A). In support of his position, the Commissioner cites several Florida decisions which explain the nature and effect of a tenancy by the entirety. Tenancy by the entirety property is considered to be owned by the marital unit; each spouse is seised of the whole property, and not of a share or divisible part of it. Thus, neither spouse can alien or forfeit the estate without the assent of the other, and there can be no severance or partition of the estate so long as the marriage endures. Wilson et al. v. Florida Nat. Bank & Trust Co. at Miami,64 So. 2d 309, 313 (Fla. 1953); Hunt v. Covington,145 Fla. 705, 200 So. 76 (1941); Bailey v. Smith,89 Fla. 303, 103 So. 833, 834 (1925); English v. English,66 Fla. 427, 63 So. 822 (1913). The income from, or proceeds of, property held by the entirety is equally the property of the husband and the wife; it is held by the unity, and either one taking possession holds for the benefit of both. Dodson v. National Title Ins. Co.,159 Fla. 371, 31 So. 2d 402, 404 (1947). *372 The estate by the entirety is a unit, and neither property so held, nor the income from such property, is subject to execution to satisfy the individual debts of husband or wife. Balding v. Fleisher,279 So. 2d 883, 884 (Fla. Dist. Ct. App. 1973); Winters v. Parks,91 So. 2d 649, 651 (Fla. 1956); Ohio Butterine Co. v. Hargrave,79 Fla. 458, 84 So. 376 (1920). The Commissioner concludes that because both husband and wife own an equal and indivisible part of tenancy by the entirety property, and of the income derived from such property, such income is equally attributable to both spouses. It should not, he urges, be allocated to one or the other spouse for purposes of determining, pursuant to section 6013(e)(1)(A), whether there is an omission from gross income which is attributable to one spouse and which is in excess of 25 percent of gross income stated in the return. In support of his position, the Commissioner also argues that tenancy by the entirety is the common law analogue of property owned by the marital community in a community property State, and that for purposes of section 6013(e), income from property held as a tenancy *373 by the entirety or as community property should be treated in the same manner. With respect to community property laws, section 6013(e)(2)(A) provides: (2) Special rules. -- For purposes of paragraph (1)-- (A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws * * * The committee reports offer the following explanation of such provision: Thus, the rules of community property are not followed with respect to earned income or income from theft or embezzlement. Income earned by a husband, for example, and omitted from a joint return, is to be attributed to the husband, even though it may constitute community property, in determining whether the wife is entitled to relief from the tax liability under this provision. On the other hand, income from property, such as rental income from an apartment house owned by the marital community (with neither spouse rendering substantial services in producing the rental income) is to be deemed the income of both spouses. Since income of this latter type is not "attributable to one spouse," a spouse would not be entitled *374 to relief from any tax liability attributable to its omission from gross income. [S. Rept. No. 91-1537 (1970), 1971-1 C.B. 606, 608; emphasis supplied.] See also H. Rept. No. 91-1734, to accompany H.R. 19774 (Pub. L. No. 91-679), 4 (1970). The Commissioner contends that the statute, when read in light of its legislative history, provides no relief in the case of the omission from gross income of income from community property, as such income is not "attributable to one spouse" within the meaning of section 6013(e)(1)(A). He urges us to apply the same rule to income from tenancy by the entirety property in the case before us. In an earlier case involving income from community property ( Allen v. Commissioner,61 T.C. 125 (1973), affd. on this issue 514 F. 2d 908 (5th Cir. 1975)), the Commissioner adopted a different interpretation of section 6013(e)(1)(A) and (e)(2)(A). In computing the omissions attributable to the husband for purposes of section 6013(e)(1)(A), he allocated one-half of the income from community property to the husband and one-half to the wife. [3]61 T.C. at 129. The Commissioner eschewed arguing *375 that the income from community property should not be taken into consideration in applying section 6013(e)(1)(A) and that the wife was not entitled to relief with respect to such income. Without considering the possibility that none of the income from the community property should be taken into consideration for purposes of section 6013(e)(1)(A), the Court accepted the Commissioner's allocation, and since it found that Mrs. Allen satisfied the requirements of section 6013(e)(1)(B) and (C), she was held to be entitled to relief from liability for tax resulting from the omission of the community income allocated to her husband. 61 T.C. at 131. The petitioner has not *376 relied upon, or urged upon us, an allocation of income such as that adopted by the Commissioner in Allen. Rather, she urges first that her husband rendered substantial services in producing the omitted income, and that all such income is attributable to him by virtue of section 6013(e)(2)(A). Additionally, she argues that the evidence clearly demonstrates that the stock of The Round Table, Inc., and the Round Table Restaurants, Inc., was not held by her and her husband as tenants by the entirety. The purpose of section 6013(e)(2)(A) was to prevent attribution to the wife, by virtue of community property laws, of her husbands earned income or of his income from theft or embezzlement. S. Rept. No. 91-1537, 1971-1 C.B. at 608. In light of such purpose, there is a substantial question whether such provision has any applicability in a common law jurisdiction. Even if the provision is applicable in Florida, a common law jurisdiction, it will not help the petitioner because she has failed to carry her burden of proving that the income was attributable to substantial services performed by Mr. Bacher. There is no evidence before us as to the nature or extent of the services *377 performed by her husband in connection with the business activities of B & M, The Round Table, Inc., or the Round Table Restaurants, Inc. The petitioner argues that the facts that the returns for the taxable years at issue list her husband's occupation as "restaurateur" or "executive" and that he received and reported compensation from the corporations clearly demonstrate that he rendered substantial services in producing the omitted income. However, such facts are not sufficient to establish that the income was produced by his services, and in the Allen case, a similar argument was rejected by this Court and the Court of Appeals for the Fifth Circuit. 61 T.C. at 130; 514 F. 2d at 913. Moreover, on the returns for the years at issue, he did not report any compensation from B & M, the major source of omitted income. Although she concedes that the stock of B & M was held by her and her husband as tenants by the entirety, the petitioner asserts that the stock of The Round Table, Inc., and the Round Table Restaurants, Inc., was not so held. The stock of the latter two corporations was held in the names of "Gerson Bacher and Mildred Bacher, his wife." *378 Although pursuant to the laws of Florida, personal property can be held by husband and wife as tenants by the entirety, the creation of such an estate in personalty (as opposed to realty) is a question of intent which must be proven. In Re Estate of Cardini,305 So. 2d 71, 73 (Fla. Dist. Ct. App. 1974); First National Bank of Leesburg v. Hector Supply Co.,254 So. 2d 777, 780 (Fla. 1971). The petitioner asserts that since the intent to create such an estate has not been demonstrated in the case before us, it is clear that neither the stock of The Round Table, Inc., nor the stock of the Round Table Restaurants, Inc., was held as an estate by the entirety. The petitioner has not explained whether or why income from property held jointly by husband and wife, but not as an estate by the entirety, should be viewed differently for purposes of section 6013(e)(1)(A). However, in our view of this case, we need not resolve the questions concerning the nature of the ownership of the stock in The Round Table, Inc., and the Round Table Restaurants, Inc., or concerning the consequences of different types of joint ownership.
On the return for 1961, Mr. and Mrs. *379 Bacher reported gross income of $91,879.20. We have found that they omitted from such return gross income properly includable therein in the amount of $40,633.56 and that such income resulted from their ownership of B & M. If we adopt the view urged by the Commissioner, all of the omitted income is attributable to both spouses, and therefore, the petitioner has failed to prove that there was an omission of income attributable to her husband in excess of 25 percent of gross income stated in the return. On the other hand, if we allocate the omitted income, one-half to the petitioner and one-half to her husband, $20,316.78 of such omitted income is attributable to her husband, and such amount is less than 25 percent of the gross income reported on the return. Thus, under either view, the petitioner has failed to satisfy the requirement of section 6013(e)(1)(A) for 1961, and accordingly, she is not entitled to any relief from liability for taxes for such year. Estate of Klein v. Commissioner,63 T.C. 585 (1975), affd. 537 F. 2d 701 (2d Cir. 1976). Under such circumstances, it is unnecessary for us to choose between the interpretation of section 6013(e)(1)(A) *380 urged by the Commissioner in this case and that adopted by him in the Allen case. Nor is it necessary for us to make such choice for the years 1962, 1963, or 1964, since the petitioner has failed to satisfy other requirements of section 6013(e)(1) for those years. Prior to filing their joint return for 1962, the petitioner and her husband received a 30-day letter, along with the report of the examining revenue agent; that report set forth in detail the precise omissions which are at issue in the case before us. On January 18, 1971, also prior to the filing of the 1962 return, the petitioner and her husband filed a protest with the IRS. That protest, which was signed by both the petitioner and her husband, alleged that the Commissioner had erred in including in gross income for 1962 the omitted dividends from The Round Table, Inc., and gross long-term capital gain from B & M. The petitioner claims that she filed the joint return for 1962 for the purpose of satisfying a requirement of section 6013(e). However, although the filing of a joint return is the threshold requirement of section 6013(e)(1)( Galliher v. Commissioner,62 T.C. 760 (1974)), the other *381 requirements of the statute also must be satisfied. The facts before us clearly demonstrate that at the time she signed the return, the petitioner knew, or had reason to know, that amounts properly includable therein had been omitted; accordingly, she has not satisfied the requirements of section 6013(e)(1)(B). The fact that she misconstrued the legal consequences of her actions does not relieve her of liability for the tax. Cf. Quinn v. Commissioner,62 T.C. 223, 230 (1974), affd. 524 F. 2d 617 (7th Cir. 1975). For the taxable year 1963, the parties stipulated that the petitioner had knowledge of the omission of the $3,186.05 of interest income from The Round Table, Inc., and that such amount does not qualify for innocent spouse treatment because the conditions of section 6013(e)(1)(B) have not been satisfied. The parties further stipulated that for the taxable years 1963 and 1964, the petitioner benefitted to the extent of the following amounts and that such amounts do not qualify for innocent spouse treatment under section 6013(e)(1)(C): 1963
Income from B & M
$ 6,249.96
1964
Income from B & M
$ 4,814.56
Dividend income - Round
Table Restaurants, Inc.
37,402.90
*382 Section 6013(e)(1)(C) requires the petitioner to prove that, taking into account whether she significantly benefitted from the items omitted from gross income and taking into account all other facts and circumstances, it would be inequitable to hold her liable. The Commissioner argues that the benefit which the petitioner is stipulated to have received from the amounts omitted for the taxable years 1963 and 1964 is so significant that it would not be inequitable to hold her liable for all omissions for such years. Whether the amounts received by the petitioner constituted a significant benefit within the meaning of the statute is to be determined on the basis of all the facts and circumstances. Cf. Allen v. Commissioner,61 T.C. at 130-131. The only evidence before us is the parties' stipulation as to the amount of the benefit; we have no evidence as to any of the surrounding facts and circumstances. However, the amount of the benefit is not so small that we can characterize it as insignificant. Although the facts were all stipulated in this case, the petitioner still has the burden of proving that she is entitled to relief under section 6013(e) (Rule 122(b), *383 Tax Court Rules of Practice and Procedure), and we must therefore find that the benefit was significant since she has given us no reason for concluding otherwise. We agree with the petitioner that significant benefit is not determinative if all the other facts and circumstances make the imposition of the tax inequitable ( Sanders v. United States,509 F. 2d 162, 170-171 (5th Cir. 1975); Dakil v. United States,496 F. 2d 431, 433 (10th Cir. 1974)); however, there is no evidence before us to indicate that, despite the significant benefit received by the petitioner, imposition of the tax would be inequitable. We find that for the taxable years 1963 and 1964, the petitioner has failed to satisfy the requirements of section 6013(e)(1)(C); accordingly, she is not entitled to relief from liability for tax for such years. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. For the taxable years 1961 through 1964, B & M was an electing small business corporation within the meaning of secs. 1371 through 1379.↩
3. Had Mrs. Allen and her husband filed separate returns, each of them would have been liable for tax on one-half of the income from such property. Cf. Brennen v. Commissioner,4 T.C. 1260 (1945); Upthegrove v. Commissioner,33 B.T.A. 952 (1936); Gessner v. Commissioner,32 B.T.A. 1258 (1935); Saulsbury v. Commissioner,27 B.T.A. 744 (1933); but see Godson v. Commissioner,↩ a Memorandum Opinion of this Court dated July 24, 1946.