CLYDE BETNAR and PHYLLIS BETNAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Betnar v. Commissioner
Docket No. 11613-77.
United States Tax Court
T.C. Memo 1980-388; 1980 Tax Ct. Memo LEXIS 198; 40 T.C.M. (CCH) 1245; T.C.M. (RIA) 80388; September 16, 1980, Filed *198 Held: Petitioner, Phyllis Betnar, failed to show that she is relieved of liability for deficiencies in income taxes for the years 1971, 1972 and 1973 pursuant to the innocent spouse provision of I.R.C. sec. 6013(e). Heldfurther: The Property Settlement Agreement entered into by petitioner, Phyllis Betnar with her husband, Clyde Betnar, does not relieve petitioner of liability for deficiencies in income taxes. Kenneth R. Mourton, for petitioner Clyde Betnar. Phyllis Betnar, pro se. Michael W. Bentley, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
Deficiency
1971
$ 6,367.39
1972
79,727.63
1973
76,781.12
Total
$162,876.14
Prior to trial, petitioner Clyde Betnar conceded the deficiencies assessed by respondent. Petitioner Phyllis Betnar, however, refused to do so. The issues remaining for our consideration are: (1) whether petitioner Phyllis *200 Betnar is jointly and severably liable for the deficiencies in income tax determined by respondent for the years 1971, 1972 and 1973; (2) whether petitioner Phyllis Betnar is relieved of liability for the deficiencies assessed by respondent pursuant to the innocent spouse provision of section 6013(e); [1] and (3) whether petitioner Phyllis Betnar is relieved of liability for the deficiencies assessed by respondent by the Property Settlement Agreement entered into by petitioner Phyllis Betnar with petitioner Clyde Betnar. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners, Clyde (hereafter Clyde) and Phyllis (hereafter Phyllis or petitioner) Betnar, filed joint Federal income tax returns for the taxable years 1971, 1972 and 1973. On the date Phyllis filed her petition, she resided in Harrison, Arkansas. Because Clyde has conceded the deficiencies against him, references hereafter to petitioner are to Phyllis. Petitioner and Clyde were *201 married on September 29, 1953, and thereafter, following a divorce decree, were remarried on October 28, 1957. On November 1974, Clyde and petitioner separated and since that time have remained apart. On August 19, 1976, petitioner and Clyde entered into a Property Settlement Agreement, which agreement contains the following clause: V. FEDERAL INCOME TAXES
The HUSBAND and the WIFE agree that their 1968 through 1974 Federal and Arkansas Income Tax returns are under audit, and that additional income taxes, interest, and possible penalties may become due and payable to the Internal Revenue Service and the State of Arkansas; that should any indebtedness be incurred, it is hereby agreed that HUSBAND shall pay the first Seventy Five Thousand and No/100 Dollars ($75,000.00) of said indebtedness, and that any indebtedness remaining thereafter shall be paid equally by the HUSBAND and the WIFE. The HUSBAND's failure to pay the first $75,000.00 in tax liability when adjudged to be due by a court of competent jurisdiction, shall become a lien in favor of the WIFE, with said lien being inferior to any mortgage or security interest of record as of that date. The WIFE's failure to pay *202 her share of the additional income taxes, interest and possible penalties to the Internal Revenue Service and State of Arkansas under this Agreement and necessitating HUSBAND having to pay same, shall become a lien on the WIFE's property in favor of the HUSBAND as of that date. It is further agreed by the parties that E. J. BALL, Attorney at Law, Fayetteville, Arkansas, has been employed to represent their interest in the audit of the tax returns. The HUSBAND agrees to pay any and all legal expenses which may be charged by Mr. Ball in connection with said representation, including any and all accountants and/or attorneys which he might employ to assist him in said representation. Subsequent to entering into this agreement petitioners obtained a divorce. The divorce decree incorporated the above-quoted clause allocating the burden of any additional taxes for the years 1968 through 1974. By letter dated August 25, 1977, respondent determined that petitioners have overstated their cost of goods sold on Schedule C by $140,489.83, $162,736.87, and $132,486.49 for the taxable years 1971, 1972, and 1973, respectively. Respondent also determined that petitioner had unreported Schedule *203 C "other income" of $5,945 in 1973; that petitioner's Schedule C demonstrator expense account had a credit balance of $596.73 in 1973, rather than a debit balance of $596.73 as claimed, thereby increasing taxable income by $1,193.46 in 1973; that petitioner overstated Schedule C payroll tax expenses by $4,706.50 in 1973; and that petitioner understated interest income by $2,208.44 in 1973. Other adjustments were in petitioner's favor. As noted previously, petitioner Clyde Betnar has conceded the deficiencies, but Phyllis Betnar continues to maintain that she is not liable for any deficiencies. OPINION The questions presented for our consideration are whether petitioner is liable for the deficiencies in income tax assessed by respondent and, if she is so liable, whether she is relieved of liability by either section 6013 (e) or by the Property Settlement Agreement. We will examine each of these issues in turn. Determination of Deficiency
Section 6013(d)(3) provides that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Petitioners filed joint Federal tax returns for the *204 years 1971, 1972 and 1973. Accordingly, if the deficiencies are found to be proper, petitioner is subject to joint and several liability for these deficiencies. It is not clear that petitioner has challenged the amounts of deficiencies in issue. In any event, petitioner offered no testimony or evidence contesting respondent's calculations. She, therefore, has failed to sustain her burden of proof, and we find her liable for the deficiency assessed by respondent. [2]
Innocent Spouse
Petitioner's main argument at trial and on brief is that she is *205 an innocent spouse, and thereb relieved of liability for the deficiencies. Petitioner devoted a considerable portion of her brief and testimony emphasizing that she had been victimized by Clyde in their separation and that she had no knowledge of the deductions taken. She asserts, therefore, that she should be relieved of liability as an innocent spouse. Section 6013(e) provides in part that: (1) In general. Under regulations prescribed by the Secretary or his delegate, if-- (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for *206 such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income. All of these conditions must be met. Estate of Jackson v. Commissioner, 72 T.C. 356 (1979); Adams v. Commissioner, 60 T.C. 300 (1973). Respondent first contends that Phyllis has failed to carry her burden of proving that she was unaware of the omissions or had no reason to be aware of the omissions, section 6013(e)(1)(B), and that she did not significantly benefit from the items omitted, section 6013(e)(1)(C). Respondent also maintains that even if petitioner has met her burden on these requirements, she is not entitled to status as an innocent spouse due to the nature of the principal adjustments which gave rise to the deficiencies. For purposes of section 6013(e)(1)(A), section 6013(e)(2)(B) provides that the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A). In the case of a trade or business, section 6501(e)(1)(A)(i) defines *207 "gross income" as "the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services." Here, the deficiencies for each year were primarily due to respondent's reducing the cost of goods sold claimed by petitioner. Therefore, as respondent contends, there is no omission from gross income in excess of 25 percent and petitioner has failed to meet the requirements of section 6013(e). Although we recognize that Phyllis may not have known of the excessive cost of goods sold figure, and that it may cause some hardship to assess this deficiency against her, the basis for the deficiency does not meet the first step in the section 6013(e) test. See Resnick v. Commissioner, 63 T.C. 524 (1975). Therefore, she is not relieved of liability by the innocent spouse provision of section 6013(e). Property Settlement
Petitioner introduced into evidence a copy of the Property Settlement Agreement under which Clyde is required to "carry the biggest part of the burden of the taxes." She testified that this provision also was included in a subsequent *208 divorce decree. We do not see the relevance of this agreement to the present action. The Property Settlement Agreement between petitioner and Clyde would be more relevant to an action by petitioner to enforce its provisions against Clyde. The agreement, however, has no bearing on the present case in determining petitioner's liability for deficiencies. Accordingly, we find that she is not relieved of liability by reason of the Property Settlement Agreement. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years at issue.↩
2. Petitioner and Clyde raised the issue of a statute of limitations bar pursuant to section 6501 (a) in their petition. The notice of deficiency for the years 1971, 1972 and 1973 was mailed to petitioner and Clyde on August 25, 1977. In his answer, respondent stated that petitioners had agreed with respondent in writing to extend the period for the assessment of deficiencies to April 15, 1976 and later, under a subsequent agreement, to extend it to October 15, 1977. Petitioner Phyllis did not argue this issue at trial or on brief. We assume from this that petitioner has abandoned the statute of limitations argument.↩