SHERMAN ROBINSON, SR., AND HELEN ROBINSON, Petitioners [1] v. COMMISSIONER OF INTERNAL REVENUE, Respondent Robinson v. Commissioner
Docket No. 24497-92
United States Tax Court
T.C. Memo 1994-557; 1994 Tax Ct. Memo LEXIS 562; 68 T.C.M. (CCH) 1158; 68 Trade Cas. (CCH) P1158; November 2, 1994, Filed *562 Decision will be entered under Rule 155 with respect to Sherman Robinson, Sr., and decision will be entered for respondent with respect to Helen Robinson. Sherman Robinson, Sr., pro se. For respondent: Carol-Lynn E. Moran. PARKER
PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1989 in the amount of $ 20,419. Respondent also determined an addition to tax for failure to timely file under section 6651(a) in the amount of $ 902 and an accuracy-related penalty under section 6662(a) in the amount of $ 4,084. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. After a concession, [2] the issues for decision are: (1) Whether petitioner Sherman Robinson, Sr. (petitioner), is entitled to interest expense deductions claimed on Schedule E in excess of the amount allowed by respondent; (2) whether petitioner is entitled to relief as an innocent spouse under section 6013(e); and (3) whether petitioner is subject to an addition *563 to tax for failure to timely file the 1989 income tax return under section 6651(a) and an accuracy-related penalty under section 6662(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Willingboro, New Jersey, at the time of filing the petition in this case. Petitioner and his then wife, Helen Robinson, filed their 1989 Federal income tax return on May 2, 1990, electing married filing jointly status. Petitioner was graduated from high school in New Orleans, Louisiana, and attended 1 year of college at Louisiana State University, majoring in engineering. Petitioner then joined the United States Air Force. While in the Air Force, petitioner attended Wiley College part time for *564 2 years, where he took mechanical engineering courses. While in the military, petitioner also took courses in management. Petitioner served for 20 years in the Air Force, working in corrosion control and resource management. Prior to retiring from the military, petitioner was stationed at McGuire Air Force Base in New Jersey, where he met his now ex-wife, Helen Robinson. Petitioner and Helen Robinson were married on June 14, 1980, and petitioner retired from the Air Force in July of 1980. Petitioner and Helen Robinson each had three children from previous marriages. Petitioner and Helen Robinson did not have any children born of their marriage. They purchased a marital residence in Willingboro, New Jersey, and started a residential rental business with the two houses that Helen Robinson had received in the divorce settlement of her prior marriage. They purchased additional properties over the years. By 1987, petitioner and Helen Robinson owned and operated seven residential rental properties. Petitioner held several different jobs after retiring from the Air Force. In 1984 he went to work full time for the United States Postal Service, where he is still employed. After *565 petitioner and Helen Robinson were married, Helen Robinson quit her job and began managing the rental properties and the couple's finances. At the beginning of the marriage, petitioner trusted his wife to handle all of their personal and business finances. Petitioner's income paid for most of the household expenses, and the bills were in petitioner's name. Although their financial condition initially improved, their marriage began to deteriorate. In 1983 the spouses separated for approximately 6 months and then reconciled. Despite the attempt at reconciliation, the marriage continued to deteriorate. By 1987, the couple's finances also had deteriorated, and they each filed for bankruptcy. Petitioner discovered that Helen Robinson had not been paying many of the household and rental business bills that petitioner had assumed that she had paid. After the bankruptcy, petitioner no longer trusted Helen Robinson and stopped giving her money from his paychecks. Petitioner and Helen Robinson permanently separated in October of 1988 when she moved out of the marital residence. For a period of time petitioner did not know Helen Robinson's new address or have her telephone number. *566 However, due to the residential rental business, he eventually had occasional telephone contact with her. Petitioner and Helen Robinson filed joint returns for the taxable years 1988 and 1989. Helen Robinson provided petitioner with the records of the residential rental business. Petitioner had the returns prepared by his accountant, Willoughby Silvera (Silvera), and informed Helen Robinson when they were ready to be reviewed and signed. Before their separation in October of 1988, Helen Robinson had discussed with petitioner the possibility of starting a janitorial or cleaning business. Petitioner refused to become involved in any such business in light of his mistrust of Helen Robinson regarding her handling of the residential rental business and their personal finances. It is not clear as to exactly when Helen Robinson began her janitorial business. [3] In any event, petitioner had no personal knowledge as to when the business was started and had no knowledge as to how the business was organized or operated. *567 In 1988 and 1989, two of petitioner's adult sons, aged 20 and 23, worked for Helen Robinson in her cleaning business. During most of this time, those sons were living rent-free with petitioner, but they did not give petitioner any information about Helen Robinson's business or their salaries. Due to family strife, the younger one of those sons moved out of petitioner's house during 1989 and began residing with Helen Robinson. The older of the two sons began working for another cleaning company. During 1989, petitioner was working long hours at the Postal Service, sometimes 12-hour days and sometimes 7 days a week. He did not have any knowledge of Helen Robinson's business activities. He occasionally had contact with her regarding maintenance of the residential rental properties. He performed such maintenance on his days off from his Postal Service job. In April of 1989, petitioner and Helen Robinson bought a new automobile for petitioner using Helen Robinson's credit record, since she had already emerged from bankruptcy and he had not. [4]
*568 The car was jointly titled in both names, but petitioner paid all of the payments and expenses associated with the automobile. Around this time, petitioner and Helen Robinson also placed a second mortgage on one of the rental properties in order to finance repairs on their various rental properties. Soon thereafter, contacts between petitioner and Helen Robinson greatly diminished when Helen Robinson became involved with another man. In 1989, Helen Robinson subcontracted cleaning work from John Jones, the owner of Casino Cleaners. Casino Cleaners issued a Form 1099 in the amount of $ 43,631.68 to Helen Robinson for the taxable year 1989. John Jones mailed the Form 1099 to an address for Helen Robinson in Marlton, New Jersey. He knew that she was living at that address with a man other than her husband, but he did not know if that residence was owned by Helen Robinson or by the other man. John Jones thought Helen Robinson was a secretive woman, and he was aware that there existed a lot of friction among petitioner, petitioner's sons, and Helen Robinson. Helen Robinson was quite secretive about her business and personal activities. Petitioner knew that Helen Robinson's janitorial *569 business existed during 1989, but he did not know how it was organized or operated. When the time came for the preparation of the 1989 tax return, petitioner asked Helen Robinson to give him the necessary paperwork for the accountant, Silvera. When Helen Robinson provided her records, there were no records for her janitorial business. When petitioner questioned Helen Robinson about the lack of documents for her janitorial business, she told him that she had another accountant who would be separately filing the necessary returns for the business. Petitioner asked his accountant if this were possible, and the accountant stated that he was satisfied with Helen Robinson's explanation and that the 1989 personal tax return could be filed without that information. Petitioner and Helen Robinson filed their 1989 joint tax return on May 2, 1990. That return did not report the $ 43,631.68 that Helen Robinson received from Casino Cleaners for the subcontracted cleaning work. On Schedule E of the 1989 return, a deduction in the amount of $ 12,105 in mortgage interest expense attributable to the rental business was claimed. On Schedule A, a deduction in the amount of $ 5,609 in home mortgage *570 interest expense was claimed. The following interest payments have been substantiated: The National State Bank
$ 4,957
J.I. Kislak Mortgage Service Corp.
651
National Mortgage
683
Total
$ 6,291
The Schedule A home mortgage interest deduction was substantiated, and a small portion of the Schedule E interest expense deduction was substantiated. Thus, respondent disallowed $ 11,423 of the $ 17,714 of interest expense deductions claimed on the return. The taxable year 1989 was the last year for which petitioner and Helen Robinson filed a joint tax return. Petitioner and Helen Robinson were divorced on April 27, 1992. Petitioner received the marital residence in the divorce. Helen Robinson received all of the residential rental properties in the divorce, and she has continued to conduct the rental activity. OPINION Innocent Spouse Issue
When a husband and wife file a joint return, each is jointly and severally liable for the amount of tax due. Sec. 6013(d)(3). However, section 6013(e) relieves a spouse of joint liability if the statutory requirements are met. Under section 6013(e), a person seeking innocent spouse status must meet four prerequisites in *571 order to be granted relief from liability. First, the spouses must have filed a joint return for the taxable year at issue. Second, there must have been a substantial understatement of tax attributable to the grossly erroneous items of the culpable spouse. Third, the spouse seeking relief must establish that he or she did not know, or have any reason to know, of the substantial understatement. Last, considering all of the facts and circumstances, it must be inequitable to hold the spouse seeking relief liable for the deficiency attributable to the substantial understatement. Sec. 6013(e)(1); Flynn v. Commissioner, 93 T.C. 355, 359 (1989). The spouse claiming such relief has the burden of proving that he or she has satisfied each statutory requirement of section 6013(e); a failure to prove any one of the statutory elements will prevent him or her from qualifying for relief. Purcell v. Commissioner, 826 F.2d 470, 473 (6th Cir. 1987), affg. 86 T.C. 228 (1986); Bokum v. Commissioner, 94 T.C. 126, 138 (1990), affd. 992 F.2d 1132 (11th Cir. 1993). *572 In considering cases of this nature, this Court is mindful that, in enacting section 6013(e), Congress intended to remedy a perceived injustice, and we should not hinder this intent by applying an unduly narrow or restrictive reading of the section. Sanders v. United States, 509 F.2d 162, 166-167 (5th Cir. 1975); accord Allen v. Commissioner, 514 F.2d 908, 915 (5th Cir. 1975), affg. in part and revg. in part 61 T.C. 125 (1973). [5]
Petitioner and Helen Robinson filed a joint tax return for 1989, the year at issue. Thus, the first requirement is met. There was a substantial understatement of tax on that return, so the issue is whether that substantial understatement was attributable *573 to grossly erroneous items of Helen Robinson. Petitioner and Helen Robinson claimed deductions for a total of $ 17,714 of interest expenses on Schedules A and E of their 1989 tax return. Petitioner has been able to substantiate only $ 6,291 of that total amount because he no longer has access to the records pertaining to the residential rental business. Those records are in the possession of Helen Robinson, who failed to appear at the trial. See supra note 1. Therefore, respondent's disallowance of the interest expense deduction in the amount of $ 11,423 is sustained for lack of substantiation. The disallowed interest expense deduction does not, however, constitute a "grossly erroneous item" attributable to the culpable spouse as required by section 6013(e). Petitioner participated in the residential rental business. That he cannot now substantiate the balance of the interest expense claimed is due to the fact that he no longer has access to those rental business records. However, failure to substantiate does not establish that there is no basis in fact or law for the disallowed deduction. Sec. 6013(e)(2)(B); Purcell v. Commissioner, 826 F.2d at 475; *574 Douglas v. Commissioner, 86 T.C. 758, 762-763 (1986). Accordingly, petitioner is not an innocent spouse as to the disallowed interest. With respect to the income from Helen Robinson's janitorial business, respondent concedes that the first two requirements of section 6013(e) have been met. Petitioner and Helen Robinson filed a joint tax return for 1989, the year at issue, and there is a substantial understatement of tax attributable to a grossly erroneous item of Helen Robinson. Any item of omitted income is a grossly erroneous item. Sec. 6013(e)(2)(B). The omitted income here is clearly attributable to Helen Robinson. [6]
*575 Respondent, however, contends that petitioner either knew or had reason to know of the business activity of his wife and consequently of the unreported income on the joint tax return. Respondent also asserts that it would not be inequitable to hold petitioner liable for the deficiency in this case under the existing facts and circumstances. 1. Knowledge of the Grossly Erroneous Item
In determining whether petitioner had reason to know of the substantial understatement of tax attributable to the cleaning business income, the test is whether a reasonably prudent person under petitioner's circumstances (e.g., intelligence, emotional state, level of involvement in the financial transactions giving rise to the income), at the time of signing the return, could be expected to know of the substantial understatement or that further investigation was warranted. Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), affg. T.C. Memo. 1988-63; Shea v. Commissioner, 780 F.2d 561, 566 (6th Cir. 1986), affg. in part and revg. and remanding in part T.C. Memo. 1984-310; *576 Bokum v. Commissioner, 94 T.C. at 148; Flynn v. Commissioner, 93 T.C. at 365-366. Significant factors to be considered in determining whether a spouse had reason to know of a substantial understatement of tax include: (1) The alleged innocent spouse's participation in business affairs or bookkeeping ( Quinn v. Commissioner, 62 T.C. 223, 230-231 (1974), affd. 524 F.2d 617 (7th Cir. 1975)); (2) the culpable spouse's refusal to be forthright concerning the couple's income ( Adams v. Commissioner, 60 T.C. 300, 303 (1973)); (3) the presence of unusual or lavish expenditures [7] ( Mysse v. Commissioner, 57 T.C. 680, 699 (1972)); and (4) the taxpayer's level of education ( Stevens v. Commissioner, 872 F.2d at 1505). The issue is a question of fact to be determined after a review of the entire record. Guth v. Commissioner, 897 F.2d 441, 443-444 (9th Cir. 1990), affg. T.C. Memo. 1987-522; Shea v. Commissioner, 780 F.2d at 566. *577 Respondent points to various transactions, including the purchase of the new automobile in April of 1989, as evidence of petitioner's knowledge of and participation in Helen Robinson's financial matters, or at the least, a reason to know of her activities. We are not willing to draw such inferences from so flimsy a basis. Helen Robinson assisted petitioner in the purchase of the automobile in terms of permitting use of her credit history, but not financially. See supra note 4. Petitioner paid all of the payments and expenses associated with that automobile from his own funds. We consider the respective roles played by petitioner and Helen Robinson in business activities and financial decisions. Helen Robinson was a secretive woman. *578 During the year at issue, petitioner was living apart from her and had no knowledge of or involvement with the organization or operations of her janitorial business. Petitioner and Helen Robinson were living apart during all of 1989, and she was living with another man for some or all of that period. Petitioner and Helen Robinson had few contacts with each other, and those few generated conflicts. We also have considered the fact that Helen Robinson refused to be forthright about her financial activities, even when the spouses lived together, and did not discuss business and financial matters with petitioner at all after they separated. Petitioner consistently and credibly testified that, when he questioned Helen Robinson about the income from her janitorial business, she gave him a plausible explanation for omitting the income from their 1989 joint personal tax return. See supra note 6. She told him that the business would be filing its own separate return. Since petitioner had no information as to how this cleaning business was organized, that explanation was reasonable on its face. Petitioner attempted to verify with his accountant that reporting the income on a separate *579 return and not reporting it on their personal joint return were proper actions. His accountant also accepted Helen Robinson's explanation. Petitioner made every reasonable attempt to correctly prepare the 1989 joint return. The reason to know standard ordinarily imposes a "duty of inquiry" on the spouse claiming relief. Stevens v. Commissioner, supra at 1505. One cannot turn a blind eye to facts that might give reason to know of unreported income. Terzian v. Commissioner, 72 T.C. 1164, 1170 (1979). Petitioner did not turn a blind eye. For the 1989 taxable year, petitioner questioned Helen Robinson about her janitorial business and the income earned in that business. Helen Robinson explained that she would take care of reporting her business income in a separate filing. Petitioner did not have access to Helen Robinson's financial records or documents to verify her explanation. He discussed her explanation with his accountant, Silvera, who confirmed that it was a plausible explanation. We find that petitioner's actions in this situation were reasonable. [8]
*580 Respondent asserts that petitioner's testimony was not credible. To the contrary, we found petitioner to be a wholly credible witness. Furthermore, much of his testimony was confirmed by the testimony of respondent's witnesses, John Jones of Casino Cleaners and Barbara Cain, comptroller and office manager of the dealership from which petitioner and Helen Robinson purchased the automobile. In conclusion, petitioner did not participate in his wife's business affairs, nor did he have access to financial documents so that he would know or have reason to know of the improper omission of income in 1989. See supra note 6. He did not experience a lavish or unusual lifestyle during the year in question. Helen Robinson was not forthcoming to petitioner about her business. Petitioner had a duty to examine the return and make inquiries concerning the reporting of income and deductions thereon. Petitioner reasonably fulfilled his duty and made the appropriate inquiries. We conclude that, at the time he signed the 1989 tax return, petitioner reasonably believed that Helen Robinson's income from her janitorial business was properly reported on a separate return and that he had no reason *581 to know that Helen Robinson's omission of this income from the 1989 joint tax return was improper. See supra notes 6, 8. 2. Inequitable to Hold Petitioner Liable
In assessing the equity in holding a spouse liable, we consider: (1) Whether the spouse claiming relief significantly benefited from the grossly erroneous items attributable to the culpable spouse ( Estate of Krock v. Commissioner, 93 T.C. 672, 677 (1989)); [9] (2) whether the spouse claiming relief has been deserted by, or divorced or separated from, the culpable spouse ( section 1.6013-5(b), Income Tax Regs.); and (3) probable future hardships that would be visited upon the innocent spouse if he or she is not relieved from liability ( Sanders v. United States, 509 F.2d at 171 n.16; Dakil v. United States, 496 F.2d 431 (10th Cir. 1974)). *582 In determining whether or not it is inequitable to hold petitioner liable, a factor to be considered is whether he significantly benefited, directly or indirectly, "from the items omitted from gross income". Sec. 1.6013-5(b), Income Tax Regs.
Respondent contends that it would not be inequitable to hold petitioner liable for the portion of the deficiency attributable to Helen Robinson's janitorial business because petitioner benefited from not having to support Helen Robinson with his own income and petitioner indirectly benefited because two of his adult children were employed in Helen Robinson's business and no longer required petitioner's support. We consider these arguments to be insupportable in fact or in law. Respondent's regulations only require that the alleged innocent spouse not significantly benefit, directly or indirectly, from the omitted income. The record as a whole shows no benefit to petitioner, directly or indirectly, from his ex-wife's unreported income. Petitioner's only sources of funds during the year at issue were his Postal Service salary and his military pension. He is entitled to enjoy his own income, and the fact that he did not have to support his *583 estranged wife or his adult children with that income does not constitute the "benefit" contemplated by the innocent spouse statute. Moreover, normal support, even when provided by the culpable spouse, is not considered a "significant benefit". Estate of Krock v. Commissioner, 93 T.C. at 677; Flynn v. Commissioner, 93 T.C. at 367; Terzian v. Commissioner, 72 T.C. at 1172; sec. 1.6013-5(b), Income Tax Regs.[10] Normal support is determined by the circumstances of the parties. Sanders v. United States, supra at 168; Flynn v. Commissioner, 93 T.C. at 367. There is no indication that petitioner had any legal obligation to support either his estranged wife or his adult sons. Helen Robinson removed herself from the marital residence and continued to control any cash flow from the residential rental business as well as from her separate janitorial business. The adult sons lived in the marital home with petitioner rent-free until the younger son voluntarily left the marital home to reside with Helen Robinson. *584 Petitioner and Helen Robinson were not living together during the year at issue and had sporadic contact. They were divorced thereafter. Petitioner questioned his wife about the income from her janitorial business when preparing the 1989 tax return. He reasonably tried to elicit the information necessary to properly prepare their 1989 tax return. We have little doubt that petitioner would suffer grave hardship if forced to pay the tax attributable to Helen Robinson's income from her janitorial business. He did not receive any of the benefit of that income. He received the marital residence in the divorce; she received the income-producing rental properties in the divorce. Since petitioner did not receive any benefit, directly or indirectly, from Helen Robinson's janitorial business income, we conclude that it would be inequitable to hold him liable. In conclusion, we hold that petitioner meets all of the requirements of section 6013(e)(1) as an innocent spouse in regard to the janitorial business income item for the taxable year 1989. Addition to Tax under Section 6651(a)
Respondent has determined that petitioner and Helen Robinson are liable for an addition to tax *585 under section 6651(a)(1) for failure to file timely their 1989 tax return. [11] The due date of the return was April 15, 1990. Petitioner and Helen Robinson filed the tax return on May 2, 1990. Petitioner does not contest the fact that the return was untimely filed but contends that there was reasonable cause for the delay in filing. The addition to tax under section 6651(a)(1) applies unless the taxpayer can show that the failure to file timely was due to "reasonable cause and not due to willful neglect". Sec. 6651(a)(1); *586 United States v. Boyle, 469 U.S. 241, 245 (1985); Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" is present if a taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the date prescribed by law. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; United States v. Boyle, supra at 246. "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference". United States v. Boyle, supra at 245. Petitioner explained that the 1989 tax return was filed late because Helen Robinson was slow in providing the documentation necessary to complete the return. Although we sympathize with petitioner's difficulties in dealing with Helen Robinson and in obtaining the necessary business records from her to complete the return, such delay does not constitute reasonable cause for the late filing of the return. Petitioner could have requested an extension of time within which to file the return, but he chose not to. Therefore, petitioner and Helen Robinson are liable for the addition *587 to tax under section 6651(a)(1) for failure to file timely the 1989 tax return. However, petitioner, as an innocent spouse, is relieved of liability for the portion of the addition to tax attributable to the substantial understatement of tax attributable to the grossly erroneous items of Helen Robinson (i.e., the omitted income from her janitorial business). [12]
Accuracy-Related Penalty under Section 6662(a)
Respondent determined that petitioner and Helen Robinson are liable for the accuracy-related penalty under section 6662(a). Section 6662(a) imposes a penalty in the amount of 20 percent of the portion of the underpayment to which section 6662 applies. *588 Relevant to this case, the penalty applies to any portion of the underpayment that is attributable to negligence or disregard of rules or regulations under section 6662(b)(1) or to any substantial understatement of income tax under section 6662(b)(2). We have found that petitioner is an innocent spouse with respect to the omitted income from Helen Robinson's janitorial business, and therefore petitioner is not liable for the accuracy-related penalty attributable thereto. See supra note 12. Therefore, we must determine whether petitioner is liable for the penalty with respect to the underpayment of tax attributable to the disallowance of the interest expense deduction. No penalty is imposed under section 6662 with respect to any portion of an underpayment of tax if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c). In this case, Helen Robinson managed the residential rental properties and provided petitioner with the records relating thereto for preparation of the 1989 joint return. Petitioner then provided the records to his accountant who prepared the return. Petitioner *589 testified that the documents supporting the deductions existed at the time the returns were prepared, but that he has been unable to obtain the documents from Helen Robinson for purposes of substantiation in this case. Furthermore, petitioner attempted but was unable to obtain the documents from the lending institutions because the lenders had transferred the mortgage contracts. Nevertheless, we held that petitioner is liable for the deficiency attributable to the disallowed interest expense deduction. That is not a grossly erroneous item attributable to Helen Robinson, and petitioner is not an innocent spouse as to that item. That he could not obtain the documents to substantiate the expense neither makes him an innocent spouse nor relieves him of the accuracy-related penalty. Likewise, we hold that petitioner was negligent in not retaining copies of these records for a business in which he was involved. Therefore, we hold that petitioner is liable for the accuracy-related penalty under section 6662 with respect to the portion of the underpayment of tax attributable to the disallowed interest expense deduction. Summary
Petitioner is an innocent spouse and is relieved *590 of liability for the portion of the deficiency, of the addition to tax under section 6651(a), and of the accuracy-related penalty under section 6662 attributable to the omitted income from Helen Robinson's janitorial business. Petitioner is liable for the portion of the deficiency, of the addition to tax under section 6651(a), and of the accuracy-related penalty under section 6662 attributable to the disallowed interest expense deduction. As a result of our granting respondent's motion to dismiss for failure properly to prosecute, Helen Robinson is jointly or severally liable for the entire deficiency, the entire addition to tax under section 6651(a), and the entire accuracy-related penalty under section 6662 as determined by respondent in the notice of deficiency. See supra note 1. To reflect the above holdings, Decision will be entered under Rule 155 with respect to Sherman Robinson, Sr., and decision will be entered for respondent with respect to Helen Robinson. Footnotes
1. At trial, petitioner Helen Robinson did not appear, and this Court granted respondent's oral motion to dismiss for lack of prosecution as to petitioner Helen Robinson. A decision will be entered against Helen Robinson for the full amount of the deficiency, the addition to tax under sec. 6651(a), and the accuracy-related penalty under sec. 6662(a), as determined by respondent in the notice of deficiency for the taxable year 1989. Thus, this opinion will address issues only with respect to petitioner Sherman Robinson, Sr.↩
2. Petitioner Sherman Robinson, Sr., concedes that the income attributable to Helen Robinson's janitorial business was not reported on the 1989 joint return. See infra↩ note 6.
3. Although the parties stipulated that the janitorial business was started before the spouses' separation in 1988, the testimony at trial suggests otherwise. Based upon petitioner's credible testimony, the Court is satisfied that either the janitorial business was started after their separation or petitioner had no knowledge as to when it was started.↩
4. Based on statements on the credit application form for this automobile purchase, respondent, on brief, attacks petitioner's credibility. The automobile transaction documents were not exchanged in advance of trial, and the custodial witness identifying such documents had not been listed on respondent's trial memorandum, as required by this Court's Standing Pre-Trial Order. When proffered, respondent told the Court the documents were for impeachment purposes. The Court questioned counsel as to what there was to impeach in regard to the automobile transaction and was told that the transaction occurred in October 1989, thus showing that petitioner and Helen Robinson continued to have dealings throughout most of 1989. That was not the fact. The Court views respondent's impeachment arguments with some concern: at trial respondent's erroneous argument was simply careless, based on a misreading of the date of the credit application form; on brief respondent's new impeachment effort seems to be a studied and irresponsible attack on petitioner without having ever accorded him any opportunity to respond. While petitioner, of course, has the burden of proof, neither petitioner nor the Court could have anticipated this stealth use of this document. At trial respondent did not question petitioner about any of the statements on the credit application form that respondent now relies upon. The Court does not know (and does not know whether petitioner knows) whether Helen Robinson's Winco, Inc. employment is the same as or different from the employment reflected on her W-2 and reported on the 1989 tax return. The Court does not know whether Winco, Inc., is somehow related to Helen Robinson's janitorial business. The Court does not know if the employment was for 10-1/2 years or 10-1/2 months, since the 10-1/2 is written over the "Yrs" on the form. The document is not self-explanatory. It is sheer surmise and speculation to argue, as respondent does on brief, that Helen Robinson lied about the employment or failed to report the income from such employment and that petitioner was "willing to go along with the fabrication". If there is evidence to support respondent's serious charges, the Court has not been favored with it.↩
5. See also Thomason v. Commissioner, T.C. Memo. 1994-418; Estate of Sell v. Commissioner, T.C. Memo. 1992-430; Schneider v. Commissioner, T.C. Memo. 1992-96↩.
6. While petitioner stipulated that Helen Robinson "had unreported income from Casino Cleaners in 1989", petitioner Helen Robinson did not sign this stipulation of facts and is not bound by it, since her ex-husband was not acting as her agent in this Tax Court proceeding. The Court accepts this stipulation as meaning only that petitioner Sherman Robinson, Sr., agrees that no income from Helen Robinson's cleaning business was reported on their joint return. See supra↩ note 2. If that cleaning business was organized and operated as a corporation, there would be no legal requirement for the income to be reported on the individual return. Helen Robinson has defaulted in this proceeding, and the Court is deprived of information as to how her business was organized and operated. Accordingly, for purposes of this case, the Court will treat it as established that this cleaning business income should have been reported on the individual return.
7. Moreover, an increase in a couple's general standard of living may also put a spouse on notice of unreported income. Flynn v. Commissioner, 93 T.C. 355, 366 (1989); Mysse v. Commissioner, 57 T.C. 680, 698-699↩ (1972).
8. Respondent focuses on the proposition that "Mere knowledge of the underlying transaction that produced the omitted income is sufficient to deny innocent spouse relief." Erdahl v. Commissioner, 930 F.2d 585, 589 (8th Cir. 1991), affg. T.C. Memo. 1990-101 (Disallowed deductions, not omitted income, were at issue. Mrs. Erdahl knew of the tax shelter in which her husband was involved and knew that deductions related to that shelter were being claimed on their joint tax return.), citing Quinn v. Commissioner, 524 F.2d 617, 626 (7th Cir. 1975), affg. 62 T.C. 223 (1974) (Mrs. Quinn, although she misconceived the legal consequences of the receipt of the money, was fully aware of the entire transaction in which $ 500,000 was received as prepaid rent, not a loan as reported on the joint tax return.). However, these cases are factually distinguishable from the case at issue. Petitioner knew that Helen Robinson had a cleaning business, but he made reasonable effort to determine the proper legal and tax consequences of income generated by that business with respect to their joint return. See supra↩ note 6.
9. For a full discussion of what constitutes "significant benefit", see Purificato v. Commissioner, 9 F.3d 290 (3d Cir. 1993), affg. T.C. Memo. 1992-580↩.
10. See also Hayes v. Commissioner, T.C. Memo. 1989-327↩.
11. Sec. 6651(a)(1) provides that, in case of failure to file a return on the date prescribed, unless it is shown that such failure was due to reasonable cause and not due to willful neglect, "there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate".↩
12. The flush language of sec. 6013(e)(1) provides that if all of the statutory prerequisites for innocent spouse relief are met, as in this case, then the innocent spouse is "relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement".↩